In his application for rehearing, plaintiff-appellant assigns the following errors which he contends we committed in our judgment: (1) That we did not give the proper evaluation to the testimony of Mr. Cole, the superintendent of the Tung Plantations, one of the defendants herein, and also to the medical testimony of the experts. (2) That we attached undue significance to the hospital reports and records and to plaintiff's statement to the insurance investigator. (3) That we committed an error in law in that he had sufficiently proven the existence of the injury and had proven an aggravation of a pre-existing injury. In the alternative, plaintiff-appellant seeks a remand of the cause in order that he may establish his case to a certainty or for a clarification of the evidence relative to his injury.
We had given this case our careful consideration on the first hearing; and by virtue of the application for rehearing we have again examined the record with the view of doing justice to the plaintiff. We have again reviewed the testimony of Mr. Cole, the superintendent of defendant Tung Plantations, and can come to no other conclusion but that the plaintiff failed to report or complain that he had received any injury on or about May 15, 1940, and that his only complaint was that his knee was giving him some trouble due to the accident of March, 1938. Likewise, the same remarks may be made as to Dr. Glenn Smith's testimony. It must be borne in mind that plaintiff offered this testimony on his behalf, and certainly had plaintiff complained or reported an accident as having been received in May, 1940, rather than in March, 1938, it is reasonable to assume that Dr. Smith would have gladly so disclosed. Therefore, we say that we have properly and rightly evaluated the testimony as offered by both the superintendent of defendant Tung Corporation and the medical experts offered by the plaintiff.
In answer to his charge that we have erred in attaching undue significance to the hospital reports and records and his statement as given to the insurance investigator, we have but to say that he is the only one to blame for such. At the time he gave the history of his case, everything was then fresh in his mind, and it is but reasonable to presume that had he met with an accident in May, 1940, which caused his disability or aggravated a previous injury, he *Page 416 
would have readily disclosed the same. What strikes us forcibly is that the statement given to the insurance investigator was given in the presence of his wife and witnessed by her, yet he failed to have his wife as a witness in the case to show that he ever complained of sustaining any accident or injury in May, 1940.
As to his third assignment of errors, this matter presents purely a question of facts as to whether he did receive an injury in May, 1940, which question of fact was resolved against him by both the lower court and ourselves. We are not unmindful of the fact that had he proven an injury which renewed or aggravated a previous injury, resulting in his present condition that then he would be entitled to compensation. We cannot agree with plaintiff that we misinterpreted the testimony.
As to plaintiff's motion for remand, had we felt originally that the record was in such a state that we could not decide the case, in the interest of justice we would have exercised our discretion as given to us under Code of Practice, Article 906. We cannot, however, see wherein a remand will help plaintiff in any way.
Application for rehearing denied.
LE BLANC, DORE, and OTT, JJ., concur.